**DALGARN et, Plaintiffs, v. LEONARD, Admr. et, Defendants.**

Probate Court, Franklin County.

No. 129447.   Decided December 7, 1948.

Joseph J. Poorman, for plaintiffs.
James B. Yaw, Richard Addison, Columbus, for defendants.

## DECISION ON APPLICATION FOR DETERMINATION OF HEIRSHIP

### OPINION

By McCLELLAND, PJ.

This matter comes before the Court upon the Petition of Clifford H. Dalgarn and Nellie Caulkins, brother and sister respectively of Josephine Leonard, deceased, and Dorothy Brown and Bernice Priest, daughters of Bernard Dalgarn, deceased brother of the decedent.

Plaintiff alleges that Josephine Leonard died intestate on or about June 25, 1948, and that on July 1, 1948, the defendant Wallace W. Leonard, was duly appointed administrator of the estate of said decedent, and that Wallace W. Leonard is the surviving spouse of said Josephine Leonard, deceased.

Plaintiffs further allege that on or about the 3rd day of October 1938, the defendant Wallace W. Leonard and Josephine Leonard were married in Winchester, Virginia, and that shortly prior to the marriage an antenuptial agreement was entered into by said parties whereby it was agreed that neither party would inherit from the other but that their respective property would descend by right of inheritance to the next of kin of said decedent as though said surviving spouse did not exist.

Plaintiffs further allege that said antenuptial agreement was in full force and effect on June 25, 1948, the date of the death of Josephine Leonard, and that Wallace W. Leonard has represented himself to this Court to be the sole heir of said decedent. Plaintiffs pray that the Court should declare them to be the sole heirs of Josephine Leonard.

To this petition an Amended Answer was filed by Wallace W. Leonard, as Administrator, and also by himself as an individual, in which Amended Answer he uses the following language:

"That he admits that the plaintiffs, Clifford H. Dalgarn and Nellie Caulkins are brother and sister respectively of Josephine Leonard, deceased; that Dorothy Brown and Bernice Priest are daughters of Bernard Dalgarn, brother of Josephine Leonard; that said Bernard Dalgarn died prior to June 25, 1948; that Josephine Leonard died intestate on June 25, 1948; and that on July 1, 1948, the defendant was duly appointed Administrator of the Estate of Josephine Leonard by this Court, and that he is the surviving spouse of said Josephine Leonard.

Defendant, further answering, admits that on or about the 3rd day of October 1948, he and the said Josephine Leonard were married as alleged in the petition.

Defendant further says that he and the said Josephine Leonard made an agreement providing that each of the parties thereto would respectively have, hold and possess their individual property, free from any claims or right of inheritance, and that such agreement should continue until such time as each would be satisfied that the marriage about to be entered into would be successful, and their marital relations would be congenial, and until such time as they would mutually agree to the cancellation and discharge of such agreement.

Defendant further answering, says that on or about the first day of July, 1947, said parties to the agreement determined that said marriage was successful, and that their marriage relations were congenial and said parties thereupon mutually agreed, to, and did cancel and discharge said agreement.

Defendant further answering, denies each and every allegation in the petition contained not hereinbefore specifically admitted to be true or specifically denied.

Defendant further says that on June 25, 1948, the date of the death of Josephine Leonard, there was no agreement in existence, and that Wallace W. Leonard, the surviving spouse of said decedent, is the sole heir of Josephine Leonard and is entitled to all his legal rights as such, and was and is the sole heir and next of kin of the said Josephine Leonard, deceased."

To the Amended Answer the plaintiffs filed a Reply in which they deny all the averments thereof save and except such as are admissions of plaintiff's petition.

When the matter came on for trial the plaintiff offered and submitted the Amended Answer of the defendants, and rested. Counsel for the defendants then moved that the motion be dismissed for want of proof, taking the position that the Amended Answer hereinbefore referred to constituted a general denial, and further contended that it was incumbent upon the plaintiffs to prove the existence of the said contract at the date of the death of Josephine Leonard. The Court overruled the motion of the defendants and held that the Amended Answer did not constitute a general denial, and held that the Amended Answer did admit the truth of allegations pertaining to the substantive portions of the contract.

The Court further held that it was not necessary that the plaintiffs prove the existence of the contract at the time

of the death of the decedent. In support of this statement the Court relies upon the text contained in Vol. 20 American Jurisprudence, page 205, Sec. 207, wherein the author uses the following language:

"It is well established that when the existence of a person, a personal relation, or a state of things is once established by proof, the law presumes that the person, relation, or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question. The question as to the presumption of continuance of certain facts or conditions is largely a matter resting within the sound discretion of the trial court, to be decided in the light of the facts and circumstances of the particular case. The law will not presume the continuance of a wrong."

The author above quoted cites a number of cases to sustain his position.

It is the opinion of the Court that the allegation in plaintiff's petition with reference to the continuance of the contract up until the death of the decedent was surplusage. When the contract was established it is presumed to have continued in existence until shown to the contrary.

The defendants in their Amended Answer admit such a contract was entered into, but they also plead the additional fact that the parties could mutually agree to terminate the contract, and did mutually agree to and did terminate the contract. As far as the allegation that the parties could mutually terminate the contract, the Court is of the opinion such allegation is entirely surplusage.

It is fundamental that two parties to a contract may mutually agree to terminate the same, but the allegation that the parties did terminate the contract by mutual agreement is new matter.

Counsel for the defendants rely upon the statement of the author of the section on Evidence, contained in **17 O. Jur., p. 147, Section 117**. Upon an examination of this authority, we find that the court holds that if the defendant in a contract action couples with his general denial an allegation of a contract substantially different from the contract sued on, which is denied in the reply, or specifically enumerates several instances of failure to perform, does not cast the burden of proof upon the defendant.

In our opinion, that rule is not applicable in the case at bar. In the case at bar, the defendants admit such a con-

tract was entered into as pleaded by the plaintiff. In the Amended Answer they also plead new matter in that the parties did mutually agree to and did terminate the contract during their married life.

The defendants also rely upon the case of **The List & Son Company v. Chase,** reported in **80 Oh St, page 42.** In that case the defendant denied the making of the contract pleaded and set up in his answer an entirely different contract from that set forth in the petition. In our opinion this case is not determinative of the case at bar.

The case of **Dykeman v. Johnson,** reported in **83 Oh St,** at **page 126,** is also relied upon by the defendants. In this case the suit was on an account. The defendant denied that the case arose on an account and pleaded a specific contract. That case, therefore, is not determinative of the case before the Court.

Reliance is also had by the defendant in the case of **Wigmore Company v. Chapman,** reported in **113 Oh St, page 682.** This case arose upon an alleged contract for the sale of real estate. The defendant not only denied the existence of the contract pleaded, but set up an entirely different contract. This case is one not parallel to the case now.before the Court.

This Court thoroughly agrees with the law set forth in the various authorities cited, but in our opinion the authorities cited are not determinative of the question which the Court is now deciding.

It is therefore our opinion that the Court made the proper ruling at the bench, and required the defendant to proceed with his testimony.

A great portion of the testimony adduced by the defendant was of conversations of various persons held with the decedent, who was a party to the contract. The Court did admit these conversations, subject to its final determination as to whether or not the testimony was admissible under the exception to the hearsay rule. Under the common law hearsay testimony was entirely excluded, but there are various exceptions to that rule which will permit conversations with deceased persons to be admitted.

One of the exceptions under which conversations with deceased persons may be admitted is that conversations are part of the res gestae. It is obvious that these conversations cannot be admitted under that exception.

Another exception is that the conversations must be a declaration against interests. This has given the Court considerable difficulty, and, upon examining a number of au-

thorities we have come to the conclusion that the declarations cannot be admitted under that section.

Even though the Court would attempt to consider those declarations, there was no positive evidence whatsoever as to an agreement between the parties to terminate the contract.

We also make the further observation that even though the declarations were admissible the declaration must have been by one, who if living, would have been competent to testify. In support of this proposition the Court refers to Jones on Evidence, Third Edition, Section 333.

Now going to the weight of the evidence. It is fundamental that in order to prove a cancellation of a contract there must be a preponderance of admissible evidence. The record is silent as to any actual agreement between the parties as to the cancellation of this contract. It is all circumstantial, and, in our opinion, of slight probative value.

It is therefore our opinion that by the admission of the Amended Answer the contract was made, it was presumed to continue in existence until the death of Josephine Leonard unless there was proof to the contrary. As we have heretofore stated, there was not sufficient evidence to convince this Court that the parties mutually agreed to terminate the contract.

It is therefore the finding of the Court that the contract was in existence at the death of Josephine Leonard, and that by the terms thereof her surviving spouse is not entitled to any interest in or part of her estate. An order may be drawn accordingly.